25CA0403 In Interest of AJF 07-23-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0403
Archuleta County District Court No. 12JV35
Honorable Justin P. Fay, Judge

---

In the Interest of A.J.F., a Child,

and Concerning N.F.,

Appellant,

and

L.L.S.,

Appellee.

---

APPEAL DISMISSED

Division VII
Opinion by JUDGE PAWAR
Sullivan and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 23, 2026

---

The W Law, Carolyn Witkus, Denver, Colorado; Anne Whalen Gill, LLC, Anne Whalen Gill, Castle Rock, Colorado, for Appellant

The Law Firm of Lisa Ward, LLC, Lisa Ward, Donald Lawrence, Jr., Durango, Colorado, for Appellee

¶ 1    N.F. (father) appeals the magistrate's enforcement order in favor of L.L.S. (mother). We dismiss the appeal for lack of jurisdiction because father did not timely seek review of the magistrate's order in the district court.

## I.    Procedural Background

¶ 2    This case is one of many disputes between mother and father stemming from a paternity action. In 2014, mother and father, who were never married, stipulated to a permanent parenting plan and child support for their child, A.J.F. (the child). The stipulation was adopted as an order of the court.

¶ 3    In 2021, mother filed a motion to enforce the 2014 stipulation, seeking payment from father for the child's various extracurricular activities. The magistrate granted the motion in January 2023 (first enforcement order). Father petitioned for district court review of the first enforcement order, and the district court adopted it.

¶ 4    Father appealed the district court's order, and a division of this court affirmed, remanding the case to the district court for a determination of mother's appellate attorney fees. *In Interest of A.J.F.*, (Colo. App. No. 23CA1318, Aug. 15, 2024) (not published pursuant to C.A.R. 35(e)) (*A.J.F. I*).

1

¶ 5　　On remand, the magistrate ordered father to pay mother attorney fees, and father petitioned for district court review of the order. The district court again adopted the magistrate's order. Father appealed, and another division of this court affirmed. *In Interest of A.J.F.*, (Colo. App. No. 24CA1429, July 31, 2025) (not published pursuant to C.A.R. 35(e)) (*A.J.F. II*).

¶ 6　　In December 2024, mother filed a second motion to enforce — this time to enforce the 2014 stipulation and the first enforcement order. The magistrate granted mother's request without a hearing (second enforcement order). Father filed a motion directed to the magistrate under C.R.C.P. 59(d)(1), challenging mother's presentation of evidence and the amount of the court's award. The magistrate, in a single sentence, and citing *In re Marriage of Matheny*, 2024 COA 81, ¶ 19, said it had no authority to consider father's C.R.C.P. 59 motion and denied it (no authority order). Father then filed this appeal of the second enforcement order.

¶ 7　　Approximately a week after father filed his notice of appeal (and approximately two months after the second enforcement order), father petitioned the district court to review the magistrate's no authority order. The district court denied father's petition.

¶ 8 Meanwhile, in this court, mother filed a motion to dismiss father's appeal for lack of jurisdiction, asserting that father did not seek district court review of the second enforcement order. In response, father asserts that the magistrate did not clarify in what capacity the court was acting and therefore misled father into believing the court had entered the order as a district court judge, not a magistrate. A motions division of this court deferred ruling on the motion to the merits division.

## II. This Court Lacks Jurisdiction

¶ 9 Before we may consider the merits of father's claims on appeal, we must first be satisfied that we have jurisdiction to hear his appeal. *Chavez v. Chavez*, 2020 COA 70, ¶ 22.

¶ 10 Father recognizes that he did not seek district court review of the second enforcement order before appealing. He nevertheless contends that we have jurisdiction because (1) it was unclear whether the order was entered by a district court judge or magistrate, and (2) we should conclude that the district court construed his C.R.C.P. 59 motion as a petition for district court review. We are not persuaded by either of his arguments and dismiss the appeal. And because the time for filing such petition

3

for review has elapsed, the magistrate's second enforcement order is not appealable.

## A.     Applicable Law

¶ 11     In paternity cases such as this one, a petition for district court review of a magistrate's order is a prerequisite to an appeal. § 19-1-108(5.5), C.R.S. 2025. C.R.M. 7(a)(7) provides that "[a] petition for review shall state with particularity the alleged errors in the magistrate's order or judgment and may be accompanied by a memorandum brief discussing the authorities relied upon to support the petition."[1] Taken together, these provisions require a party to a paternity proceeding to present an issue to the district court in a petition for review before we may consider it. *People in Interest of K.L-P.*, 148 P.3d 402, 403 (Colo. App. 2006).

¶ 12     Except for correction of clerical errors, magistrates are prohibited from reconsidering their ruling or imposing postjudgment relief. C.R.M. 5(a); *Matheny*, ¶ 19.

---

[1] The Colorado Rules for Magistrates recently underwent significant amendments for magistrate orders issued on or after January 2, 2026. *See* Rule Change 2025(18), Colorado Rules for Magistrates (Amended and Adopted by the Court En Banc, Sep. 4, 2025), https://perma.cc/S7P6-9RVS. We cite the pre-amendment version of the rules in effect at the time of the events at issue.

## B. Analysis

¶ 13    As we understand father's jurisdiction argument, he asserts that he was led to believe the judicial officer in this matter was acting as a district court judge, and, therefore, he filed a C.R.C.P. 59 motion instead of a petition for district court review. For her part, mother asserts that father could not have been misled as to the court's acting role because he had filed petitions for district court review of the same magistrate's decisions earlier in the case. Given the procedural history, we agree with mother.

¶ 14    To be sure, the division in *A.J.F. II* recognized that "the judicial officer's orders throughout this case have routinely misstated his specific role." *A.J.F. II*, slip op. at ¶ 18. But the division continued to conclude, "Nevertheless, father clearly knew that the order was issued by a magistrate because he filed a petition for the district court to review the magistrate's ruling without questioning the judicial officer's title or role." *Id.* We reject father's assertion for the same reasons here.

¶ 15    To the extent father cites *In re Marriage of Cooprider*, 140 P.3d 312 (Colo. App. 2006), as authority to find jurisdiction, we are unpersuaded for two reasons. First, in response to mother's motion

to dismiss in this court, father asserts only that *Cooprider* should apply because father had been misled by the magistrate's "fail[ure] to advise of the path for review." But we have already rejected this premise, and apart from his purported confusion, father makes no other argument explaining why we should treat his C.R.C.P. 59 motion as a petition for district court review. *See Gravina Siding & Windows Co. v. Gravina,* 2022 COA 50, ¶ 71 ("[I]t is not this court's function to speculate as to what a party's argument might be," nor is it "our proper function to make or develop a party's argument when that party has not endeavored to do so [them]self." (citations omitted)). Second, even under father's theory of jurisdiction, he appeals only the district court's denial of his petition for review of the magistrate's no authority order.[2] He states, without argument, that we should nevertheless construe that order as having reviewed and resolved the second enforcement order. But the district court's order does not include any analysis or otherwise address any of father's challenges to the second enforcement order, which is

---

[2] Father does not explain how his petition for district court review of the magistrate's no authority order is timely as to the second enforcement order or how its scope would trigger our jurisdiction.

unsurprising given that father's deadline for petitioning for district court review of the second enforcement order had long since passed.  *See* § 19-1-108(5.5) (providing that petition for review must be filed within fourteen days of magistrate's ruling).  Thus, we cannot construe father's C.R.C.P. 59 motion as a petition for district court review that would satisfy the jurisdictional requirement of section 19-1-108(5.5).

¶ 16 Accordingly, we conclude that father's appeal must be dismissed for lack of subject matter jurisdiction.

## III. Disposition

¶ 17 The appeal is dismissed.

JUDGE SULLIVAN and JUDGE MEIRINK concur.